Peggy Hunt (Utah State Bar No. 6060)
Milo Steven Marsden (Utah State Bar No. 4879)
Nathan S. Seim (Utah State Bar No. 12654)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Email: hunt.peggy@dorsey.com
       marsden.steve@dorsey.com
       seim.nathan@dorsey.com

*Attorneys for D. Ray Strong, Liquidating Trustee
of the Consolidated Legacy Trust*

Gregory Adams (Utah State Bar No. 6159)
**McKAY, BURTON & THURMAN**
170 South Main St., Ste. 800
Salt Lake City, UT 84101
Telephone: (801) 521-4135
Email: gadams@mbt-law.com
*Counsel for D. Ray Strong, Liquidating
Trustee of the CAOP I Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>CASTLE ARCH REAL ESTATE INVESTMENT COMPANY, LLC; CAOP MANAGERS, LLC; CASTLE ARCH KINGMAN, LLC; CASTLE ARCH SECURED DEVELOPMENT FUND, LLC, CASTLE ARCH SMYRNA, LLC; CASTLE ARCH STAR VALLEY, LLC; CASTLE ARCH OPPORTUNITY PARTNERS I, LLC; *and* CASTLE ARCH OPPORTUNITY PARTNERS II, LLC,<br><br>    Debtors. | Case Nos. 11-35082, 11-35237, 11-35243, 11-35242 and 11-35246 (Substantively Consolidated)<br><br>Case Nos. 11-35241 and 11-35240 (Jointly Administered)<br><br>(Chapter 11)<br>The Honorable Joel T. Marker<br><br>Adversary Proceeding No. _____ |
| D. RAY STRONG, as Trustee of the Consolidated Legacy Debtors Liquidating Trust and the Castle Arch Opportunity Partners I, LLC Liquidating Trust,<br><br>    Plaintiff,<br>v.<br>Alan Davis Realty Services, P.C., Alan Davis and John Does 1-5,<br><br>    Defendants. | **COMPLAINT** |

Plaintiff D. Ray Strong, in his capacity as Liquidating Trustee (the "Trustee" or "Plaintiff") of the Consolidated Legacy Debtors Liquidating Trust (the "Legacy Trust"), the Castle Arch Opportunity Partners I, LLC Liquidating Trust (the "CAOP I Trust") and the Castle Arch Opportunity Partners II, LLC Liquidating Trust (the "CAOP II Trust" and, collectively with the Legacy Trust and the CAOP I Trust, the "Trusts"), hereby files this Complaint for or on behalf of the Consolidated Legacy Debtors (defined below) and CAOP I (defined below) against Defendant Alan Davis Realty Services, P.C. ("ADRS"), Alan Davis ("Davis") and John Does Nos. 1-5 ("Defendant Does" and, collectively with ADRS and Davis, "Defendant"), and states, alleges and avers as follows:

## JURISDICTION AND VENUE

1. On October 17, 2011, Debtor Castle Arch Real Estate Investment Company, LLC ("CAREIC") filed a Chapter 11 bankruptcy petition with the United States Bankruptcy Court for the District of Utah (the "Court"), thus commencing Bankruptcy Case No. 11-35082 noted in the above caption. On October 20, 2011, Debtors CAOP Managers, LLC ("CAOP Managers"), Castle Arch Kingman, LLC ("CAK"), Castle Arch Secured Development Fund, LLC ("CASDF"), Castle Arch Smyrna, LLC ("CAS"), Castle Arch Opportunity Partners I, LLC ("CAOP I") and Castle Arch Opportunity Partners II, LLC ("CAOP II") (collectively, the "CAREIC Affiliates" and together with CAREIC, the "Debtors") also filed petitions seeking relief under Chapter 11 of the Bankruptcy Code in the Court, thus commencing the other bankruptcy cases noted in the caption above, which cases are being jointly administered and/or have been substantively consolidated with CAREIC's bankruptcy case (CAREIC's bankruptcy

2

case, along with bankruptcy cases of the CAREIC Affiliates, are referred to herein collectively as the "Bankruptcy Case").

2. The Court has subject matter jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. On June 7, 2013, the Bankruptcy Court entered, among other things, an *Order Confirming Chapter 11 Trustee's First Amended Plan of Liquidation Dated February 25, 2013 as Modified* [Main Case Docket No. 705] (the "Confirmation Order"), thus confirming the Chapter 11 plan styled as *Second Amended Chapter 11 Trustee's Plan of Liquidation Dated February 25, 2013* [Main Case Docket No. 701] (the "Confirmed Plan"), pursuant to which the Bankruptcy Court retains jurisdiction over this proceeding, which arises under the Bankruptcy Code and arises in and is related to the Bankruptcy Case. Confirmed Plan, Art. X; *Findings of Fact and Conclusions of Law in Support of Confirmation Order* [Main Case Docket No. 704] (the "Findings and Conclusions"), ¶ R.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## PARTIES

6. Plaintiff is the post-confirmation estate representative for each of the Debtors and is the duly appointed Trustee for each of the Trusts, and in that capacity may bring proceedings for and on behalf of the Trusts, including all of the Debtors' Claims and Causes of Action that have been transferred to the Trusts under the Confirmed Plan. Confirmed Plan, Art. VI; Confirmation Order ¶¶ 2, 4-6; Findings and Conclusions ¶¶ I, L-M; Trust Agreements [Main Case Docket No. 677], Arts. 1-2.

3

7. Upon information and belief, ADRS is a professional company organized under the laws of the State of Arizona, which received transfers of money from the Consolidated Legacy Debtors and CAOP I.

8. Upon information and belief, Davis is the Present of ADRS who may have received transfers of monies from ADRS relating to the subject of this Complaint.

9. Upon information and belief, Defendant Does are unknown parties who may have received transfers of monies from ADRS relating to the subject of this Complaint.

## FACTS

### *The Court's Consolidation Findings and Conclusions*

10. On February 8, 2013, the Court entered an *Order Granting Chapter 11 Trustee's Motion to Substantively Consolidate* CAOP Managers, CAK, CASDF, CAS and non-debtor Castle Arch Star Valley, LLC with CAREIC as of October 17, 2011 [Main Case Docket No. 590] (the "Consolidation Order"), and these entities, as consolidated, have hereinafter been referred to as the "Consolidated Legacy Debtors."

11. Also on February 8, 2013, the Court entered its *Findings of Fact and Conclusions of Law in Support* of the Consolidation Order [Main Case Docket No. 591] (the "Consolidation Findings and Conclusions").

### *The Debtors' Pre-Petition Business Scheme*

12. Prior to the filing of the Bankruptcy Cases, CAREIC managed, either directly or indirectly, all of the CAREIC Affiliates through a single paid management team. Consolidation Findings and Conclusions ¶¶ 17 & 107(c).

4

13. The Consolidated Legacy Debtors claimed to be in the business of investing in and developing raw land, and CAOP I and CAOP II were in the business of investing in distressed properties.

14. The Debtors raised a total of $73,593,717.00 (as reported in the Debtors' Master Tracking Sheet maintained to track investor funds), net of redemptions, from investors during the period of May 2004 through the filing of the Bankruptcy Cases. Consolidation Findings and Conclusions ¶ 34 & Exhibit F.

15. Although property was purchased by the Debtors, "a large portion of the Legacy Debtors' business focused on fundraising." Consolidation Findings and Conclusions ¶ 41; *see id.* ¶¶ 40-45.

16. Upon information and belief, approximately 25% of all funds raised by the Debtors were used for executive compensation and related expenses and fundraising expenses, such as finders' fees and commissions. *Id.* ¶ 42.

17. CAREIC caused each of the Debtors to be formed as "a vehicle by which to obtain additional investor funds[.]" Consolidation Findings and Conclusions ¶ 107(d). In particular, as cash was consumed and additional cash was needed, CAREIC caused new securities offerings to be made, initially through CAREIC alone, and then later through the other Debtors that CAREIC cause to be formed. Consolidation Findings and Conclusions ¶ 35 & Exhibits F-G.

18. Cash raised from investors was "used indiscriminately by the Debtors to fund whatever entity was in need of cash at any given time." Consolidation Findings and Conclusions ¶ 25; *see also id.* ¶¶ 46-59 & 107(b). Cash was used "as if part of one big 'piggy bank,' with

5

funds from the account of whichever entity had cash on deposit being transferred, commingled, and used by the entity in need of cash at any given time." *Id.* ¶ 58.

19. The Private Placement Memoranda issued by the Debtors to investors stated that investments were being solicited through licensed brokers.

20. At all times relevant hereto, the Debtor-transferors were insolvent.

21. At all relevant times hereto, the relevant Debtors had at least one unsecured creditor.

*Transfers to Defendant*

22. Attached hereto as <u>Exhibit 1</u> is a summary prepared from the Debtors' books and records in the Trustee's custody and control of transfers of cash made by the Debtors noted thereon to the Defendant prior to the filing of the Bankruptcy Cases (the "<u>Transfers</u>").

23. Upon information and belief, the Debtors noted on Exhibit 1 made the Transfers to the Defendant in the total amount of $347,478.42 as compensation for soliciting investments in, referring investors to, or raising funds for the Debtors.

24. Upon information and belief, the Transfers were made by the Debtors at a time when Defendant was not a licensed securities broker or dealer authorized to sell or solicit investments in securities.

**FIRST CLAIM FOR RELIEF**
*(Avoidance of Fraudulent Transfers Under 11 U.S.C. § 548(a)(1)(A))*

25. The Trustee re-alleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

26. The Transfers were transfers of an interest of the relevant Debtors in property.

27. The Transfers or any obligation of the Debtors to make the Transfers were made or incurred with actual intent to hinder, delay or defraud the relevant Debtors' creditors.

28. To the extent the Transfers were made by the Debtors within two years of the relevant Debtors' petition dates, the Trustee may avoid the Transfers paid to ADRS or, in the event ADRS subsequently transferred the Transfers, from Davis or the Defendant Does, pursuant to 11 U.S.C. § 548(a)(1)(A).

**SECOND CLAIM FOR RELIEF**
*(Avoidance of Fraudulent Transfers Under 11 U.S.C. § 548(a)(1)(B))*

29. The Trustee re-alleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

30. The Transfers were transfers of an interest of the Debtors in property.

31. The relevant Debtors did not receive reasonably equivalent value in exchange for the Transfers or any obligation of the Debtors to make the Transfers.

32. At the time the Transfers were made or the obligations were incurred, the relevant Debtors (a) were insolvent or became insolvent as a result of the Transfers or the obligations incurred; (b) were engaged in a business or transaction, or were about to engage in a business or transaction for which any property remaining with the Debtors was unreasonably small capital; or (c) intended to incur, or believed that they would incur, debts that would be beyond their ability to pay as such debts matured.

33. To the extent the Transfers were made by the Debtors within two years of the relevant Debtors' petition dates, the Trustee may avoid the Transfers paid to ADRS or, in the event ADRS subsequently transferred the Transfers, from Davis or the Defendant Does, pursuant to 11 U.S.C. § 548(a)(1)(B).

### THIRD CLAIM FOR RELIEF
*(Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544(b) and*
*Utah Code Annotated §§ 25-6-5(1)(a) and 25-6-8)*

34. The Trustee re-alleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

35. The Transfers were transfers of an interest of the relevant Debtors in property.

36. The Transfers were made or were based on obligations incurred with actual intent to hinder, delay or defraud the relevant Debtors' creditors.

37. Pursuant to 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-5(1)(a) and 25-6-8, the Trustee may avoid the Transfers paid to ADRS or, in the event ADRS subsequently transferred the Transfers, from Davis or the Defendant Does.

### FOURTH CLAIM FOR RELIEF
*(Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544(b) and*
*Utah Code Annotated §§ 25-6-5(1)(b) and 25-6-8)*

38. The Trustee re-alleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

39. The Transfers were transfers of an interest of the relevant Debtors in property.

40. The relevant Debtors did not receive reasonably equivalent value in exchange for the Transfers or any obligation of the Debtors to make the Transfers.

41. At the time the Transfers were made or the obligations were incurred, the relevant Debtors (a) were engaged or were about to engage in a business or a transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction; or (b) intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they became due.

42. Pursuant to 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-5(1)(b) and 25-6-8, the Trustee may avoid the Transfers paid to ADRS or, in the event ADRS subsequently transferred the Transfers, from Davis or the Defendant Does.

### FIFTH CLAIM FOR RELIEF
*(Avoidance of Fraudulent Transfers Under 11 U.S.C. §544(b) and Utah Code Ann. §§ 25-6-6(1) and 25-6-8*

43. The Trustee re-alleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

44. The relevant Debtors did not receive reasonably equivalent value in exchange for the Transfers or any obligation of the Debtors to make the Transfers.

45. The relevant Debtors were insolvent at the time the Transfers or any obligations to make the Transfers were made, or became insolvent as a result of the Transfers.

46. Pursuant to 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-6(1) and 25-6-8, the Trustee may avoid the Transfers paid to ADRS or, in the event ADRS subsequently transferred the Transfers, from Davis or the Defendant Does.

### SIXTH CLAIM FOR RELIEF
*(Recovery of Avoided Transfers Under 11 U.S.C. §§ 550 and 551)*

47. The Trustee re-alleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

48. To the extent the Transfers were made within two years of the relevant Debtors' petition dates, the Transfers are avoidable under 11 U.S.C. §548(a)(1)(A) or (B).

49. The Transfers are avoidable under 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-5, 25-6-6, and 25-6-8.

50. The Trustee may recover and preserve for the benefit of the respective Trusts the Transfers under 11 U.S.C. §§ 550 and 551.

### SEVENTH CLAIM FOR RELIEF
*(Constructive Trust)*

51. The Trustee re-alleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

52. The Transfers to Defendant were comprised of property of the Debtors and were made by the respective Debtors improperly or are based on illegal obligations because any agreement to make payments to the Defendant was related to the unlicensed sale of securities.

53. Allowing Defendant to retain the Transfers would unjustly enrich Defendant and would be inequitable.

54. The Transfers can be traced to the wrongful behavior of the Debtors, their officers, and/or Defendant.

55. An injustice would result if Defendant was allowed to keep the Transfers.

56. A constructive trust for the benefit of the respective Trusts must be imposed in the amount of the Transfers made to Defendant.

### EIGHTH CLAIM FOR RELIEF
*(Unjust Enrichment and Disgorgement)*

57. The Trustee re-alleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

58. The Transfers to Defendant were comprised of property of the Debtors.

59. The Transfers conferred a benefit upon Defendant.

60. Upon information and belief, Defendant knowingly benefitted from the Transfers.

61.   Allowing Defendant to retain the Transfers would unjustly enrich Defendant and would be inequitable.

62.   Absent return of the Transfers, the Trusts will be damaged by Defendant's unjust enrichment and may have no adequate remedy at law.

63.   Defendant must disgorge the amount of the Transfers for the benefit of the respective Trusts.

**PRAYER FOR RELIEF**

WHEREFORE, the Receiver prays for Judgment against Defendant as follows:

A.   Pursuant to the Trustee's First Claim for Relief, judgment against Defendant avoiding the Transfers made on or within two years of the relevant Debtors' petition dates under 11 U.S.C. § 548(a)(1)(A).

B.   Pursuant to the Trustee's Second Claim for Relief, judgment against Defendant avoiding the Transfers made on or within two years of the relevant Debtors' petition dates under 11 U.S.C. § 548(a)(1)(B).

C.   Pursuant to the Trustee's Third Claim for Relief, judgment against Defendant avoiding the Transfers under 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-5(1)(a) and 25-6-8.

D.   Pursuant to the Trustee's Fourth Claim for Relief, judgment against Defendant avoiding the Transfers under 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-5(1)(b) and 25-6-8.

E.   Pursuant to the Trustee's Fifth Claim for Relief, judgment against Defendant avoiding the Transfers under 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-6(1) and 25-6-8.

F. Pursuant to the Trustee's Sixth Claim for Relief, judgment against Defendant recovering and preserving for the benefit of the respective Trusts all avoided Transfers under 11 U.S.C. §§ 550 and 551.

G. Pursuant to the Trustee's Seventh Claim for Relief, judgment against Defendant imposing a constructive trust for the benefit of the Trusts on all Transfers made to Defendant.

H. Pursuant to the Trustee's Eighth Claim for Relief, judgment against Defendant for unjust enrichment in the amount of the Transfers.

I. Judgment for pre-judgment interest, costs, and fees, including reasonable attorneys' fees, as may be allowed by law.

J. For such other and further relief as the Court deems just and proper.

DATED this 14th day of October, 2013.

| **DORSEY & WHITNEY LLP** | **McKAY, BURTON & THURMAN** |
|---|---|
| /s/ Peggy Hunt | /s/ Gregory J. Adams |
| Peggy Hunt | Gregory J. Adams |
| Milo Steven Marsden | *Attorneys for D. Ray Strong, Trustee* |
| Nathan S. Seim | *of the CAOP I Trust* |
| *Attorneys for D. Ray Strong, Trustee of the Legacy Trust* | |

# EXHIBIT 1

## LEGACY TRUST / CAOP I TRUST
Finder's Fee Analysis (Alan Davis Realty Services, PC)

| Trans Date | Clear Date | Ck No. | Payee / Payor | Amount |
|---|---|---|---|---|
| **Consolidated Legacy Debtor** | | | | |
| 04/11/06 | 05/15/06 | 6074 | Alan Davis Realty Services, P.C. | $ (3,500.00) |
| 06/26/06 | 07/03/06 | 6275 | Alan Davis Realty Services, P.C. | (8,000.00) |
| 06/27/06 | 07/03/06 | 6280 | Alan Davis Realty Services, P.C. | (8,875.00) |
| 07/10/06 | 07/17/06 | 6296 | Alan Davis Realty Services, P.C. | (2,480.52) |
| 07/25/06 | 08/08/06 | 6354 | Alan Davis Realty Services, P.C. | (274.21) |
| 07/25/06 | 08/08/06 | 6324 | Alan Davis Realty Services, P.C. | (8,000.00) |
| 07/25/06 | 08/08/06 | 6351 | Alan Davis Realty Services, P.C. | (596.77) |
| 08/22/06 | 09/05/06 | 6417 | Alan Davis Realty Services, P.C. | (8,000.00) |
| 08/29/06 | 09/05/06 | 6441 | Alan Davis Realty Services, P.C. | (2,018.83) |
| 09/25/06 | 10/02/06 | 1020 | Alan Davis Realty Services, PC | (8,000.00) |
| 10/02/06 | 10/19/06 | 1037 | Alan Davis Realty Services, PC | (999.97) |
| 10/25/06 | 11/01/06 | 1048 | Alan Davis Realty Services, PC | (8,000.00) |
| 11/01/06 | 11/13/06 | 1071 | Alan Davis Realty Services, PC | (517.08) |
| 11/27/06 | 12/04/06 | 1088 | Alan Davis Realty Services, PC | (8,000.00) |
| 12/04/06 | 12/13/06 | 1099 | Alan Davis Realty Services, PC | (3,003.31) |
| 12/27/06 | 01/03/07 | 1108 | Alan Davis Realty Services, PC | (8,000.00) |
| 12/29/06 | 01/29/07 | 1121 | Alan Davis Realty Services, PC | (305.77) |
| 01/29/07 | 03/02/07 | 1141 | Alan Davis Realty Services, PC | (8,000.00) |
| 02/02/07 | 03/02/07 | 1151 | Alan Davis Realty Services, PC | (567.67) |
| 02/21/07 | 03/07/07 | 1166 | Alan Davis Realty Services, PC | (8,000.00) |
| 03/07/07 | 03/20/07 | 1182 | Alan Davis Realty Services, PC | (6,864.64) |
| 03/23/07 | 04/11/07 | 1205 | Alan Davis Realty Services, PC | (8,000.00) |
| 04/11/07 | 04/27/07 | 1229 | Alan Davis Realty Services, PC | (558.46) |
| 04/25/07 | 05/03/07 | 1243 | Alan Davis Realty Services, PC | (8,000.00) |
| 05/11/07 | 06/01/07 | 1267 | Alan Davis Realty Services, PC | (1,922.99) |
| 05/23/07 | 06/01/07 | 1270 | Alan Davis Realty Services, PC | (8,000.00) |
| 06/01/07 | 06/19/07 | 1283 | Alan Davis Realty Services, PC | (1,550.35) |
| 06/25/07 | 07/03/07 | 1308 | Alan Davis Realty Services, PC | (8,000.00) |
| 07/25/07 | 08/03/07 | 1364 | Alan Davis Realty Services, PC | (8,000.00) |
| 07/25/07 | 08/03/07 | 1361 | Alan Davis Realty Services, PC | (2,222.04) |
| 08/27/07 | 09/04/07 | 1396 | Alan Davis Realty Services, PC | (8,000.00) |
| 09/19/07 | 10/01/07 | 7511 | Alan Davis Realty Services, P.C. | (2,639.36) |
| 09/26/07 | 10/15/07 | 1028 | Alan Davis Realty Services, PC | (8,000.00) |
| 10/25/07 | 11/06/07 | 1042 | Alan Davis Realty Services, PC | (8,000.00) |
| 11/19/07 | 12/11/07 | 7603 | Alan Davis Realty Services, P.C. | (1,281.79) |
| 12/05/07 | 12/11/07 | 7687 | Alan Davis Realty Services, P.C. | (7,000.00) |
| 12/17/07 | 12/28/07 | 7704 | Alan Davis Realty Services, P.C. | (7,332.46) |
| 12/27/07 | 01/03/08 | 7727 | Alan Davis Realty Services, P.C. | (7,000.00) |
| 01/15/08 | 01/25/08 | 7780 | Alan Davis Realty Services, P.C. | (6,255.25) |
| 01/24/08 | 02/01/08 | 7789 | Alan Davis Realty Services, P.C. | (12,072.06) |
| 01/28/08 | 02/01/08 | 1082 | Alan Davis Realty Services, PC | (7,000.00) |
| 02/13/08 | 03/06/08 | 7844 | Alan Davis Realty Services, P.C. | (7,847.64) |
| 02/27/08 | 03/04/08 | 1112 | Alan Davis Realty Services, PC | (7,000.00) |
| 03/03/08 | 03/06/08 | 7880 | Alan Davis Realty Services, P.C. | (1,146.89) |
| 04/08/08 | 04/18/08 | 7976 | Alan Davis Realty Services, P.C. | (4,840.00) |
| 04/08/08 | 04/18/08 | 7978 | Alan Davis Realty Services, P.C. | (4,896.46) |
| 04/28/08 | 05/13/08 | 7066 | Alan Davis Realty Services, P.C. | (5,000.00) |

Case 13-02385    Doc 1    Filed 10/14/13    Entered 10/14/13 09:33:44    Desc Main
                Document      Page 15 of 15

| Trans Date | Clear Date | Ck No. | Payee / Payor | Amount |
|---|---|---|---|---|
| 05/23/08 | 06/03/08 | 7154 | Alan Davis Realty Services, P.C. | (5,185.73) |
| 06/06/08 | 06/12/08 | 7193 | Alan Davis Realty Services, P.C. | (5,000.00) |
| 07/01/08 | 07/10/08 | 7257 | Alan Davis Realty Services, P.C. | (5,000.00) |
| 07/25/08 | 08/05/08 | 7345 | Alan Davis Realty Services, P.C. | (3,792.44) |
| 07/31/08 | 08/05/08 | 7346 | Alan Davis Realty Services, P.C. | (5,000.00) |
| 09/02/08 | 09/09/08 | 7451 | Alan Davis Realty Services, P.C. | (5,000.00) |
| 10/01/08 | 10/16/08 | 8066 | Alan Davis Realty Services, P.C. | (5,000.00) |
| 11/01/08 | 11/12/08 | 8128 | Alan Davis Realty Services, P.C. | (5,000.00) |
| 12/03/08 | 12/11/08 | 8193 | Alan Davis Realty Services, P.C. | (5,000.00) |
| 01/09/09 | 01/15/09 | 8271 | Alan Davis Realty Services, P.C. | (6,000.00) |
| 02/02/09 | 02/09/09 | 8341 | Alan Davis Realty Services, P.C. | (6,000.00) |
| 02/10/09 | 02/17/09 | 8364 | Alan Davis Realty Services, P.C. | (3,224.42) |
| 03/05/09 | 03/17/09 | 8410 | Alan Davis Realty Services, P.C. | (6,000.00) |
| 04/01/09 | 04/15/09 | 8476 | Alan Davis Realty Services, P.C. | (6,000.00) |
| 04/23/09 | 05/11/09 | 8508 | Alan Davis Realty Services, P.C. | (2,501.54) |
| 04/30/09 | 05/11/09 | 8532 | Alan Davis Realty Services, P.C. | (6,000.00) |
| 06/24/09 | 07/03/09 | 8620 | Alan Davis Realty Services, P.C. | (4,000.00) |
| | | | **Total Legacy Debtor Payments** | **$ (337,273.65)** |

**CAOP I**

| Trans Date | Clear Date | Ck No. | Payee / Payor | Amount |
|---|---|---|---|---|
| 06/05/09 | 06/11/09 | 14 | Alan Davis Realty Services, P.C. | $ (8,159.74) |
| 07/02/09 | 07/14/09 | 22 | Alan Davis Realty Services, P.C. | (1,550.00) |
| 08/07/09 | 08/19/09 | 36 | Alan Davis Realty Services, P.C. | (495.03) |
| | | | **Total CAOP I Payments** | **$ (10,204.77)** |
| | | | **Total Payments** | **$ (347,478.42)** |

Page 2 of 2